NOT FOR PUBLICATION (Doc. No. 28)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

_____

MICHAEL WALTERS,

      Plaintiff,                Civil No.
                                      11-6545 (RBK/AMD)

      v.

                                      **OPINION**

RICHARD J. CARSON, MATTHEW J.
ERNADES, JR., NORTH HANOVER
TOWNSHIP BOARD OF EDUCATION,
JOHNSON & JOHNSON, AND
McNEIL-PPC, INC.,

      Defendants.

_____

**KUGLER**, United States District Judge:

      This matter comes before the Court upon Plaintiff Michael Walters's ("Plaintiff") Amended Complaint against Defendant McNeil-PPC, Inc. ("Defendant") asserting claims of negligence, breach of implied and express warranties, and strict liability arising out of Plaintiff's use of certain over the counter medication manufactured and distributed by Defendant. Currently before the Court is Defendant's motion to dismiss Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted (Doc. No. 28). *See* Fed. R. Civ. P. 12(b)(6). For the reasons stated below, Defendant's motion will be granted.

## I.    BACKGROUND[1]

---

[1] When considering the sufficiency of the factual allegations in a plaintiff's complaint, the Court, for purposes of deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), assumes such allegations to be true. *See Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009).

1

Plaintiff was formerly a custodian employed by the North Hanover Township Board of Education ("the Board"). Amended Compl. ¶ 7. In October 2009, Plaintiff began taking Tylenol Arthritis, a medication manufactured, marketed, distributed, and sold by Defendant. Amended Compl. ¶ 1; Def.'s Br. in Support of Mot. to Dismiss 1. Later that month, Plaintiff began experiencing stomach problems which caused him to miss work. Amended Compl. ¶ 11.

On November 6, 2009, Plaintiff received a letter from the business administrator of North Hanover Township Schools, Matthew J. Ernandes, Jr. ("Ernandes"). *Id.* at ¶ 12. The letter recommended to the Board and to Richard Carson ("Carson"), superintendent of the North Hanover Township School District ("the District"), that Plaintiff's contract with the District be terminated because Plaintiff had used ten of his twelve allotted sick days since July 1, 2009. *Id.* at ¶¶ 12, 13. The Board followed the recommendation and terminated Plaintiff's employment as of December 1, 2009. *Id.* at ¶ 14.

At some point in 2009 following his termination, Plaintiff learned that Tylenol Arthritis had been known to cause stomach problems in individuals taking the medication and that the manufacturer had ordered a recall. *Id.* at ¶ 15. Plaintiff alleges that the Tylenol Arthritis products he had purchased and used were part of the recall. *Id.*

Plaintiff's Amended Complaint states various federal and state law claims against Carson, Ernades, and the District arising out of his termination. In addition, and the focus of the instant motion to the dismiss, the Amended Complaint asserts three causes of action against Defendant[2]: (1) negligence in the manufacture of Tylenol Arthritis; (2) breach of express and implied warranties in selling the "inherently defective" Tylenol Arthritis"; and (3) strict liability

---

[2] The Amended Complaint also names Johnson and Johnson in the claims concerning Tylenol Arthritis. Defendant explains that it is responsible for the "manufacture, marketing, distribution and sale of the product." Def.'s Br. in Support of Mot. to Dismiss 1. Defendant is a wholly owned subsidiary of Johnson & Johnson. McNeil Corp. Disclosure Statement 2 (Doc. No. 29).

for placing the allegedly defective product into the stream of commerce.  Amended Compl. ¶¶ 22- 31.[3]

In its instant motion to dismiss under Fed. R. Civ. P. 12(b)(6), Defendant argues that Plaintiff's negligence, implied warranty, and strict liability claims are subsumed by the New Jersey Products Liability Act ("the PLA") and that Plaintiff has failed to state a claim under the Act.  Def.'s Br. in Support of Mot. to Dismiss 2.  Defendant further asserts that Plaintiff fails to state a claim under New Jersey law for breach of express warranty.  Def.'s Br. in Support of Mot. to Dismiss 7.

## II.     DISCUSSION AND ANALYSIS

### A.     Legal Standard

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)).  In other words, a complaint survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, a court conducts a three-part analysis.  *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010).  First, the court must "tak[e] note of the

---

[3] The Court exercises supplemental jurisdiction over Plaintiff's state law claims as they form part of the same transaction or occurrence giving rise to Plaintiff's federal claims against the North Hanover Township School Board Defendants.  *See* 28  U.S.C. § 1367(b) (2006).

elements a plaintiff must plead to state a claim." *Id.* (quoting *Iqbal*, 556 U.S. at 675). Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* at 131 (quoting *Iqbal*, 556 U.S. at 680). Finally, "where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting *Iqbal*, 556 U.S. at 680). This plausibility determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679. A complaint cannot survive where a court can only infer that a claim is merely possible rather than plausible. *Id.*

**B.     Negligence, Breach of Implied Warranty, and Strict Liability Claims**

It is well established in this Circuit that the PLA creates an "exclusive statutory cause of action" for products liability claims asserted under New Jersey law. *See Kury v. Abbott Labratories, Inc.*, No. 11-803, 2012 WL 124026 at *3 (D.N.J. Jan. 17, 2012) (*quoting Repola v. Morbark Indus., Inc.*, 934 F.2d 483, 492 (3d Cir.1991)). That is, after the enactment of the PLA, "only a single product liability action remains" under New Jersey law and it is the sole method by which to bring such a claim. *Id.* (*quoting Tirrell v. Navistar Int'l, Inc.*, 591 A.2d 643, 647 (N.J. Super. App. Div. 1991), *cert. denied*, 599 A.2d 166 (1991)); *see also id.* at **3-4 (*quoting In re Lead Paint Litig.*, 924 A.2d 484, 503, 504 (N.J. 2007)) ("[The PLA] generally subsumes common law product liability claims . . . [and] . . . encompass[es] virtually all possible causes of action relating to harms caused by consumer and other products.").

In this case, although he brings suit against the manufacturer and distributor of a consumer product like Tylenol Arthritis for alleged injuries caused by that product, Plaintiff has stated common law claims of negligence, breach of implied warranty, and strict liability.

However, these common law causes of action are subsumed by the PLA. *See Kury*, 2012 WL 124026 at *3. Thus, Plaintiff's failure to assert his claim under the PLA is a fatal pleading deficiency. Accordingly, the Court will grant Defendant's motion to dismiss Plaintiff's negligence, breach of implied warranty, and strict liability claims as improperly pled.

**C. Breach of Express Warranty Claim**

By its own terms, the PLA does not extend to claims for breach of an express warranty. N.J.S.A. § 2A:58C-1(3) (2011).[4] Instead, under New Jersey law, "in order to state a claim for breach of express warranty, [a plaintiff] must properly allege: (1) that [the defendant] made an affirmation, promise or description about the product; (2) that this affirmation, promise or description became part of the basis of the bargain for the product; and (3) that the product ultimately did not conform to the affirmation, promise or description." *Arlandson v. Hartz Mountain Corp.*, 792 F. Supp. 2d 691, 706 (D.N.J. 2011). When a plaintiff's express warranty claims relies merely on bald assertions "that fail to identify specific affirmations or promises," the claims cannot survive a motion to dismiss. *Id.* at 707. Similarly, a claim "devoid of factual matter" that simply states "a conclusory recitation of the elements of the claim" will be dismissed. *Simmons v. Stryker Corp.*, No. 08-3451, 2008 WL 4936982 at *2 (D.N.J. Nov. 17, 2008).

In support of his breach of express warranty claim, Plaintiff alleges only the following: "[Defendant] expressly and impliedly warranted that Tylenol Arthritis was merchantable, free from any defects, and reasonably fit for the foreseeable use and intended purposes for which it was sold" and that "[Defendant] breached [its] express and implied warranties in that the Tylenol

---

[4] That provision reads, in relevant part, "[p]roduct liability action means any claim or action brought by a claimant for harm caused by a product, irrespective of the theory underlying the claim, except actions for harm caused by breach of an express warranty."

5

Arthritis was inherently defective, hazardous, unsafe, not properly and reasonably merchantable, and unfit for its intended, ordinary and foreseeable use." Amend. Compl. ¶¶ 23-24.

Simply stated, Plaintiff's Amended Complaint does not contain sufficient factual allegations to support a claim for breach of an express warranty. Even if the Court accepts Plaintiff's allegation that Defendant *expressly* warranted that Tylenol Arthritis was "merchantable," "free from any defects," and "reasonably fit for the foreseeable use and intended purposes for which it was sold," nowhere does Plaintiff allege how that alleged warranty formed any part of the basis of his decision to purchase the product. Instead, Plaintiff's claims are best characterized as "a conclusory recitation of the elements of the claim." *See Simmons*, 2008 WL 4936982 at *2. Thus, because Plaintiff failed to allege adequately the elements of a breach of express warranty cause of action under New Jersey law, the Court must grant Defendant's motion to dismiss.

## III.   CONCLUSION

For the reasons stated above, Defendant's motion is **GRANTED**. An appropriate order shall issue today.


Dated:   12/17/2012                                             /s/ Robert B. Kugler
                                                                ROBERT B. KUGLER
                                                                United States District Judge

6